IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.   CAUSE NO. 1:11CR114-SA

JAMES WILLIAM SMITH   DEFENDANT

ORDER ON MOTIONS IN LIMINE

Defendant has filed numerous motions in limine in this case. After reviewing the motions, responses, rules and authorities, the Court finds as follows:

1. <u>Motion to Exclude Oral Statement taken from Defendant [51]</u>

Defendant seeks to exclude the case agent's summary of the statement given by Defendant to Detective Garrett. Defendant suggests that the recorded audio/video statement is the best evidence and use of the summary is unfair and contrary to the Federal Rules of Evidence. The Government responds on the basis that it should be allowed to determine the method it desires to present the evidence in the case.

The Court finds no authority, and Defendant has failed to cite any, for the proposition that where a case agent is expected to testify as to an oral statement by defendant that the Government must present the audio/video version of that statement. If the Government chooses to have the agent testify as to the statement, Defendant may cross-examine on that topic as well. Otherwise, the Government is in the best position to analyze its presentation of evidence.

2. <u>Motion in Limine [25]</u>

Defendant seeks to exclude the display of child pornography materials to the jury. He asserts that showing such materials would only serve to inflame the jury and prejudice the fair trial of the defendant.

One of the elements of the offense for which Defendant is charged is that the files contain child pornography. This is a factual element which the jury must determine. See United States v. Caldwell, 586 F.3d 338, 343 (5th Cir. 2009) (finding no abuse of discretion where trial court showed jury images stipulated by the defendant to be child pornography).

As noted by the Fifth Circuit, "all relevant evidence tends to prejudice the party against whom it is offered . . ." but Federal Rule of Evidence 403 only excludes relevant evidence when the probative value of that evidence substantially outweighs the unfairly prejudicial nature of the evidence. Caldwell, 586 F.3d at 342. The Defendant does not indicate why the images in issue would be any more prejudicial than child pornography in general. Thus, the probative value of the evidence in issue here is not substantially outweighed by its prejudicial nature. See id. at 345-46 (trial court did not abuse its discretion by allowing jury to see excerpt of bestiality video from defendant's computer when defendant argued he had not known the video was on his computer). The Government has indicated that it does not intend to show or play all files found, only that which is necessary for the jury to understand the nature of the material. Accordingly, the Court denies Defendant's motion.

3. Motion in Limine [52]

Defendant seeks to exclude

> [a]ny material that cannot be specifically proven to have been downloaded on the 12th and/or the 20th of April, 2011 . . . in that there is no conceivable proof that exists whatsoever that even by the furthest stretch of circumstantial evidence that James Smith was the sole individual that could have downloaded any material on any other dates.

The Government argues, and the Court agrees, that contentions about linking the images and movies to the Defendant are factual arguments which should be made to the jury, not the Court. Motion DENIED.

2

4. Motion in Limine [63]

Smith moves to exclude in limine any mention or introduction of Facebook records. In particular, the Government subpoenaed and received login dates and times, with corresponding IP addresses, for Smith's Facebook account. Because Smith contends he subpoenaed Facebook for records of Joshua Jolly, Smith's roommate, but Facebook would not comply, the Government's use of those records against him would violate his right to obtain witnesses in his favor pursuant to the Sixth Amendment. Defendant requests that if the Government seeks to offer the Facebook evidence, the Court compel a representative from that company to testify, to protect Smith's Sixth Amendment right of confrontation, or alternatively, compel Facebook to produce evidence as requested by Defendant as to Joshua Jolly.

The Government asserts that it should be allowed to introduce the Facebook records because the Defendant has not shown that the information or the method and circumstances of the preparation of the information indicate a lack of trustworthiness. The Government contends that evidence of the login times to the Defendant's Facebook account will be used to show who was using the computer used to allegedly possess files and access files of images and movies of child pornography. Those records, accompanied by a Certificate of Authenticity of Domestic Records of Regularly Conducted Activity and attested by a Facebook, Inc., records custodian, contain the IP address of the computer used to login to the Defendant's Facebook account and the times that the account was logged into.

Federal Rule of Evidence 803 provides:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> (6) Records of a Regularly Conducted Activity.
>
> A record of an act, event, condition, opinion, or diagnosis if:

3

    (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;

    (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

    (C) making the record was a regular practice of that activity;

    (D) all of these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

    (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

The Certification of Authenticity attached to Defendant's motion details that the records provided by the custodian at Facebook, indeed, complied with the provisions of Rule 803(6). Defendant has not indicated any reason to question the trustworthiness of the method, source, or circumstances of preparation. Defendant only contends that without the custodian present to testify, the Court should not allow the records. The Certificate and process undertaken by the Government for disclosure of evidence appear to comply with Federal Rule of Evidence 902(11) in that the certification complies with Rule 803(6), and the proponent gave reasonable notice of the intent to offer the record.

The Supreme Court has noted that business records ordinarily fall outside the class of "testimonial" statements implicating defendants' Sixth Amendment rights. Crawford v. Washington, 541 U.S. 36, 56, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004); Melendez-Diaz v. Massachusetts, 557 U.S. 305, 324, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009) ("[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because – having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial – they are not

testimonial. Accordingly, there are no Sixth Amendment issues inherent in the admission of the Facebook records.

The Court would also note as to Defendant's argument of unfairness due to Facebook complying with the Government's subpoena, but not his own, Facebook's reply to the original subpoena indicated that Facebook would supply non-content information as long as the proper steps were taken. It does not appear Defendant took the proper steps to secure this information.

5. Motion To Exclude All Evidence Secured via Interception of the Internet [67]

Defendant seeks to exclude evidence secured by use of software which intercepted content pursuant to 18 U.S.C. § 3121. Title 18 United States Code Section 3121 concerns pen registers and trap and trace devices.

The alleged child pornography files were found, in this case, on a shared directory on a peer to peer computer program. 18 U.S.C. § 2511(2)(c) provides that interception of a wire, oral, or electronic communication is not unlawful "where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." The Government contends that as Defendant was willingly sharing files over a peer to peer network, he consented to the interception of files on his computer accessible using that software. See United States v. Stults, 575 F.3d 834, 842 (8th Cir. 2009); United States v. Ganoe, 538 F.3d 1117, 1127 (9th Cir. 2008); United States v. Perrine, 518 F.3d 1196, 1205 (10th Cir. 2008); United States v. Barrows, 481 F.3d 1246, 1249 (10th Cir. 2007). The Court agrees. See Ganoe, 538 F.3d at 1127 ("Although as a general matter an individual has an objectively reasonable expectation of privacy in his personal computer, we fail to see how this expectation can survive the defendant's decision to install and use file-sharing software, thereby opening his computer to anyone else with the same freely available program.").

Moreover, interception of files over peer to peer software has been held not to constitute a wiretap as that software does not intercept electronic communications.  See United States v. Willard, 2010 U.S. Dist. Lexis 98216, *8-9 (E.D. Va. Sept. 20, 2010) (noting that the functions of the Wyoming Toolkit were "more akin to mining data.").  Because Defendant utilized a peer to peer network and the software used by the agents identified only publicly available information, including the files, images, and IP addresses, the Court finds the evidence secured by such software did not violate the federal statute governing pen registers and trap and trace devices.  Defendant's Motion to Exclude is DENIED.

6. Motion in Limine to Exclude All Evidence and Testimony Regarding Viewing of Obscene Material [68]

Defendant requests the exclusion of evidence regarding other obscene matters not constituting child pornography allegedly found on the computer at his residence.  The Government responded that it does not intend to introduce or show any materials other than the alleged child pornography.  The Court agrees that introduction of pornography or other obscene materials not constituting what the Government alleges to be "child pornography" is irrelevant.

Defendant's Motion is GRANTED.

SO ORDERED, this the 7th day of September, 2012.

                                                        /s/ Sharion Aycock
                                                        U.S. DISTRICT JUDGE