IN THE UNITED STATE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES GOVERNMENT                  PLAINTIFF

vs.                                CAUSE NO.: 1:11-cr-00114-SA-DAS

JAMES WILLIAM SMITH                      DEFENDANT

## MOTION FOR NEW TRIAL AND TO VACATE GUILTY VERDICT

COMES NOW, the Defendant, James Smith, and moves for a new trial and to vacate guilty verdict, and for grounds would show:

I.

The Honorable Court erred in not granting to Defendant, James Smith each time he asked for it, a directed verdict since the Government did not prove guilt beyond a reasonable doubt. See *United States v. Moreland*, 665 F.3d 137 (5th Cir.2011), which is attached as Exhibit "A".

II.

The Court erred in giving improper jury instructions on Motion of Court or Government which Defendant, James Smith, objected.

III.

The Court erred in failing to give all jury instructions on circumstantial evidence as required by law and fact. *Moreland* specifically refers to difficult standard and proof required in circumstantial evidence case.

IV.

The Court erred in sustaining the objections of the Government to questions asked by Defendant, James Smith.

V.

The Court erred in not overruling Defendant, James Smith, objection to specific questions asked by Government of its witnesses.

1

VI.

The Court erred in not sustaining the Defendant Pre-trial Motions.

VII.

The Court erred in allowing introduction of Facebook evidence , over Defendant Smith's objection, as stated in Motion and also allowing, over objection, the evidence in when there was proof that it was produced after the Discovery deadline had passed.- See last order April 23, 2012. Unfair, different rule applied to Government.

VIII.

The Court erred in applying the discovery deadline to the Defendant, James Smith, regarding records of calendar, documents to refresh memory of Bobbie Smith and/or J. W. Smith when it gave special treatment to Government by not requiring them to follow discovery deadline, i.e., introduction of Facebook evidence produced after deadline passed.

IX.

The Court erred in not giving a proper instruction regarding burden of proof in a circumstantial evidence case and not applying the proper standard in this case with respect to this case, James Smith case.

X.

The Court erred in allowing the government to use peremptory challenges to strike at least two black jurors without sufficient basis to overcome Batson Challenge raised by Defendant, James Smith.

XI.

The Court erred in overruling all of the Pre-Trial Motions filed by Defendant, James Smith.

XII.

The Court gave a jury instruction to jury while they were deadlocked without giving Defendant, James Smith, right to comment on instruction or

object before it was given. No copy was given to Defendant Smith and Defendant Smith does not know if it was in writing when given to jury.

XIII.

The Court erred in visiting with the jury in jury room before Defendant, James Smith, Post-Trial Motions were considered by Court on late September 13, 2012 shortly after verdict reached; discussed case with jury when Court knew that there would be Post-Trial Motions that Court would have to rule on later. This was <u>improper jury contact</u> without defense counsel by Court.

XIV.

The Court erred in not granting Motion for mistrial raised several times in the case and particularly when indirectly made reference to Defendant, James Smith, not testifying during closing argument, being a violation of the 5th Amendment of the U.S. Constitution.

XV.

The Court erred in letting this case even go to the jury where the Government failed to meet its burden of proof as required and clearly covered in *United States v. Moreland.*

XVI.

The Court erred in improperly allowing Government to stack inference upon inference contrary *United States v. Moreland*, contrary to the law as set out in *Moreland.*

XVII.

The Court failed to apply the law as clearly pointed out and on point in the case styled *United States v. Moreland* where this Court has been reversed before for failure to require the Government to prove its case beyond a reasonable doubt where there were <u>multiple users</u> of <u>same computer</u> as in *United States v. Moreland.*

XVIII.

3

No rational jury could have rendered the verdict that the Government, where there were multiple users (as in *United States v. Moreland*), proved that this single defendant (Smith) was guilty of this indictment beyond a reasonable doubt.

WHEREFORE PREMISES CONSIDERED, Defendant, James William Smith, moves the Court to set aside the jury verdict and dismiss the charge or in the alternative grant Defendant Smith a new trial.

/s/ *Gene Barton*
Gene Barton, Attorney for
James William Smith
Post Office Box 147
Okolona, Mississippi 38860
Telephone: (662) 447-2522
Facsimile: (662) 447-2526
gbartonatty@bellsouth.net
www.genebarton.net
MSB 1021

## CERTIFICATE OF SERVICE

I, Gene Barton, Attorney for the Defendant, James William Smith, do hereby certify that I have this date electronically filed the foregoing MOTION FOR NEW TRIAL with the Clerk of the Court using the Electronic Case Filing (ECF) system, which sent notification of such filing to all counsel of record.

SO CERTIFIED, this 17 day of September, 2012.

_____
GENE BARTON