IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA
    Plaintiff

v.                                                    CRIMINAL NO. 1:11cr00114-SA-DAS

JAMES WILLIAM SMITH
    Defendant

### RESPONSE TO GOVERNMENT'S RESPONSE TO SMITH'S MOTION FOR CLARIFICATION OF PRIOR RULING ON MOTION FOR NEW TRIAL

James William Smith previously requested that the Court clarify its initial ruling on his motion for new trial based on the weight of the evidence. The government opposes the motion. The government argues that a new trial is not warranted on the facts and because the "law of the case" doctrine precludes this Court from granting Smith a new trial.

*A new trial is warranted on the facts of the case:*

The government argues conclusorily that the facts are not so exceptional as to warrant a new trial. The takes issue with Smith's argument that Jolly's inability to remember what he was doing on the dates of the offense. The government claims that Smith's argument is inconsistent because Elizabeth Pennix, Smith's girlfriend, was similarly unable to initially remember what happened. *Govt's Response, Doc#119,* p. 4.

The problem with the government's arguments that the two situations were similar is flawed for a number of reasons. First, Jolly, unlike Pennix, was not pregnant and in danger of losing the child on the day of the first interview. Secondly, Pennix was subsequently able to reconstruct the events of the days in question by looking at her calendar and work records; whereas, Jolly was not able to do so. Third, Pennix, unlike Jolly, was never herself a suspect. Contrary to what the government claims, for someone who was a suspect, Jolly's memory lapse is highly suspicious.

Because the government's argument about why the circumstances are not exceptional points to no other facts in the case, Smith will rely on his argument in his motion as to why the facts are sufficiently unusual that they indicate that a miscarriage of justice occurred in this case.

***The law of the case doctrine is not applicable in this case:***

The government devotes considerable effort to showing that the law of the case doctrine applies to preclude this Court from clarifying its original ruling on the motion for new trial. It bears repeating that Smith did not argue the merits of the denial of the motion for new trial on appeal. His sole argument with regard to the motion for new trial was that it was unclear whether this Court denied the motion on the merits or because the Court was granting the motion for judgment of acquittal. Nor did Smith argue that a new trial was warranted "on grounds not

previously raised" in the district court as the Fifth Circuit found. *United States v. Smith,* 739 F.3d 843, 848 (5th Cir. 2014). The briefs filed in the Fifth Circuit do not support the notion that Smith ever raised the merits of any denial of the motion for new trial other than to argue that it was unclear whether this Court denied the motion on the merits or simply because it was granting the judgment of acquittal.

The law of the case doctrine, therefore, does not preclude this Court from deciding the issue because it was never briefed to the Fifth Circuit. The law of the case doctrine can only preclude issues that properly decided because they were fully briefed in the Court of Appeals. A "necessary predicate[] to the [court's] ability to address an issue " is that was "fully briefed to the appellate court." *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.,* 272 F.3d 276, 279 (5th Cir. 2001).

Therefore, although it is true that The law of the case doctrine "generally precludes reexamination of issues of law or fact decided on appeal," the doctrine "applies only to those issues that were actually decided, rather than all questions in the case that might have been decided but were not." *Id.* Issues may be deemed to have been implicitly decided if they were "fully briefed to the appellate court and . . . necessary predicates to the [court's] ability to address the issue or issues specifically discussed." *Id*. (quoting *In re Felt,* 255 F.3d 220, 225 (5th Cir. 2001). Because the merits of this Court's denial of the motion for new trial on the ground

of the weight of the evidence was never briefed in the Fifth Circuit, the law of the case doctrine does not preclude this Court from considering and clarifying its ruling. To do any less would result in a manifest injustice.

## Conclusion

Rule 33(a), F.Crim.P. states that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." According to *Bender,* a court may grant a new trial when the evidence weighs so heavily against the verdict that a miscarriage of justice is likely. The majority of courts agree that on a motion for new trial, the court may weigh the evidence and grant a new trial when the verdict is against the overwhelming weight of the evidence. 17-33 *Benders Federal Practice Forms,* n. 26 [hereafter *Bender*] [citing *Tibbs v. Florida*, 457 U.S. 31, 38 n.12, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982)].

According to *Bender,* under the majority view, courts distinguish between a new trial on the basis of the sufficiency of the evidence and Rule 29 motions for acquittal based on the lack of evidence to support a conviction. Under Rule 29, the court assumes the truth of the evidence offered by the prosecution and views it in the light most favorable to the verdict. However, in the case of a Rule 33 motion for new trial, "the court is actually permitted to weigh the credibility of the evidence and order a new trial if it finds that the interests of justice require a new trial." *Id.* [citations omitted].

The Fifth Circuit follows the majority view which allows the trial court to reweigh the evidence. For example, in *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005), the Court said the trial court may "weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial." *Id.,* [quoting *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997)].

In *United States v. Lewis,* 850 F.Supp. 2d 709 (N.D. Oh. 2012), *aff'd* 521 Fed. Appx. 530, 2013 U.S. App. LEXIS, 2013 WL 1607127 (6th Cir. 2013), the district court granted a new trial after concluding that the key witness's testimony was internally inconsistent and because of the bias of inmate informants which was uncorroborated by other witnesses and because of other credibility concerns regarding the testimony of the witnesses. Smith's case involves the unusual circumstance that the only evidence against Smith is the testimony of Jolly. Jolly's testimony, however, is internally inconsistent and contradicts unimpeached documentary evidence supporting Smith's alibi. Smith's case is one where a Court might well be concerned that the jury's credibility determination is against the weight of the evidence and be justified in granting a new trial.

WHEREFORE, James William Smith asks that this Court clarify its ruling and grant him a new trial because the verdict is against the overwhelming weight of the evidence.

        Respectfully submitted,
        JAMES WILLIAM SMITH,
        APPELLANT

        *S/Julie Ann Epps*
        ATTORNEY FOR APPELLANT

## CERTIFICATE

I, the undersigned, do hereby certify that on this date, I electronically filed with the court's electronic EM/ECF filing system and that all parties entitled to service were notified by same.

This the 7th day of April, 2014.

        S/*Julie Ann Epps*
        ATTORNEY FOR APPELLANT

Julie Ann Epps; MSB#5234
504 E. Peace Street
Canton, Mississippi 39046
Voice: 601.407.1410
Facsimile: 601.407.1435
Email: julieannepps@gmail.com

Cynthia A. Stewart, P.A. (MSB #7894)
118 Homestead Drive, Suite C
Madison, MS 39110
Voice: (601) 856-0515
Facsimile: (601) 856-0514
Email: cstewart@mississippitrial.com

ATTORNEYS FOR JAMES WILLIAM SMITH